## V. KNUDSEN *v*. PALEA, KAM SAU SHIN and KU-NIHIRO.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED DECEMBER 22, 1896.  DECIDED JANUARY 19, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A verdict which found the date of the death of a certain person upon indefinite testimony, contradicting a record of such death in a book required by law to be kept, the authenticity of such book and the regularity of its entries not being questioned, is against the weight of evidence and should be set aside as rendered through improper or mistaken motives .or through sympathy.

OPINION OF THE COURT BY JUDD, C.J.

This is an action of ejectment for the land awarded in three apanas by the Land Commission (Award No. 8841) to one Keaona, situated at Pokii, Ahupuaa of Waimea, Island of Kauai. The plaintiff is V. Knudsen, who claims the legal title in the land by virtue of certain deeds of conveyance from the heirs of said Keaona through Kaaua, his brother, Keaona having died a widower and childless. The legal title is not disputed by the defendant Palea, who claims the land by adverse possession. The other defendants are lessees of Palea. This action was brought

on February 6th, 1896. The undisputed evidence shows that when Keaona died, a widower and childless, his heirs were his brother Kaaua and his sister Makua, who is also called Pi. Keaona died first, then Kaaua, then Pi. Of these three, Kaaua alone left children. Pi lived on the land until her death; then Palea, defendant, who had been brought up by Pi and to whom she had devised the land by a will made in 1865—not admitted to probate—took possession of the land and has continued in possession until now. It is not questioned that his possession was exclusive and adverse from the date of the death of Pi. The will not having been presented for probate within the statutory time, has no effect to pass the title to the defendant. The only question in dispute is whether the statute of limitations has run, and this depends upon the date of the death of Pi, and this is the subject of plaintiff's exceptions to the verdict which was in favor of the defendant (three dissenting), the plaintiff claiming that the verdict was contrary to law and the evidence. The statute began to run at the date of the death of Pi, and to be effectual to the defendants' case it must be shown to have completely run previous to February 6, 1896, when this action was begun. The testimony on this point is as follows: Paao, witness for plaintiff, says: "I think Makua Pi died in the reign of Kamehameha V. I was present when she died." It is a matter of history that he died December 11, 1872. Aina, also for plaintiff, says: "Don't know when Pi died; I was then in Lihue; I left Pokii in 1867 and returned in 1880." The defendant, Palea, says: "Makua Pi died perhaps in 1868 or 1870; I saw her dead body; she was buried on the land in dispute." Kaapuwai, for defendant, says: "After Kaaua's death, defendant and Makua (Pi) lived on the land till about 1870, when Makua died." The plaintiff had been called while his side was on, and said: "After Kaaua's death his sister, Makua Pi, took charge of the land. Pi died, it seems to me, in 1877 or 1878."

To rebut the adverse possession the plaintiff took the stand again and testified to a book offered in evidence as being the rec-

ord of deaths given him as school agent. It is recorded on page 74 of this book that Pi, a woman aged 70 years, died at Pokii on November 30, 1876, of old age, the place of her birth being "Kaunalewa." If this is the true date of Pi's death, the plaintiff was entitled to a verdict, as the statute would not have run until one day after November 30, 1896. The plaintiff also testified: "This Pi is the one in question. This record is correct; I know it (the date) independently of the record. I could verify the deaths from my own knowledge as they were given me by the teachers." Each page of the book has a printed heading, "Record of Deaths in the District of . . . . . . . (written in, "Waimea") of the Island of . . . . . . . (written in, "Kauai.") Year 186. .," and purports to be a record from April 11, 1865, to September 7, 1882. It has ruled off columns under the captions, Month, Day, Name, Where Living, Sex, Age, Where Born, and Cause of Death. Its authenticity and admissibility as a record required by law to be kept is unquestioned. (pp. 211 and 212, Compiled Laws). And the book was evidently provided by the Board of Education as required by law. It was also shown by one D. Kua that he was the school teacher at Pokii at the time and gave the date of the death of Pi to the school agent (plaintiff). That its entries are conclusive evidence of the facts recorded is not claimed by plaintiff's counsel, nor was it so charged by the trial court. Plaintiff's counsel claims that the date of the death in question being a record made contemporaneously with the event is evidence of far greater weight than the uncertain memory of witnesses who give the date of Pi's death without much positiveness, and show no written memoranda and make no reference to events by which the date could be fixed.

This is also our opinion. The presumably correct date of the death in question is not rebutted by the evidence against it.

The jury must have been influenced, in returning a verdict for defendant, to decide against the evidence of the record by improper or mistaken motives—possibly by sympathy for the

defendant, who would have had title to the land if he had proved the will of Makua Pi, devising the land to himself.

Verdict set aside and new trial ordered.

*Magoon & Edings,* for plaintiff.

*A. Rosa,* for defendants.